FILED

2013 MAR 15 AM 11: 15

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MARGARETE HAWKES,

    Plaintiff,

-VS-

CASE NO.: 2:13-cv-209-FtM-29DNF

VERIZON FLORIDA, LLC, AFNI, INC.,
COLLECTO, INC. d/b/a EOS CCA, I.C.
SYSTEM, INC., and THE CBE GROUP,
INC.,

    Defendants.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559.72 ("FCCPA")

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, MARGARETE HAWKES, is a natural person over the age of 18 who resides in the City of Naples, County of Collier, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant, VERIZON FLORIDA, LLC, (hereinafter "VERIZON") is a corporate entity which sought to collect from Plaintiff an alleged debt arising from transactions incurred primarily for personal, family, or household purposes and are transacting business in the State of Florida.

6. Defendant, AFNI, INC. (hereinafter "AFNI") is a collection agency operating from an address of 404 Brock Dr., Bloomington, IL 61701, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant, COLLECTO, INC. d/b/a EOS CCA (hereinafter "COLLECTO") is a collection agency operating from an address of 700 Long Water Dr., Norwell, MA 02061, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant, I.C. SYSTEM, INC. (hereinafter "IC SYSTEM") is a collection agency operating from an address of 444 Highway 96 East, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant, THE CBE GROUP, INC. (hereinafter "CBE") is a collection agency operating from an address of 1309 Technology Parkway, Cedar Falls, IA 50613, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Under information and belief, VERIZON had knowledge of all actions (further described in the complaint) taken by its agents AFNI, COLLECTO, IC SYSTEM, and CBE, and specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

11. At all times material: VERIZON acknowledged that AFNI, COLLECTO, IC SYSTEM, and CBE would act on behalf of VERIZON with respect to the conduct alleged herein; AFNI,

2

COLLECTO, IC SYSTEM, and CBE accepted said undertaking; and VERIZON retained control over the actions of its authorized agents.

12. Upon information and belief, the aforementioned principal/agent relationship by and between VERIZON, as principal, and AFNI, COLLECTO, IC SYSTEM, and CBE, as agents, was pursuant to an express agreement, implied agreement and/or gratuitous undertaking.

13. VERIZON did not disclose to Plaintiff the principal/agent relationship by and between them, but is was nonetheless eventually clear that AFNI, COLLECTO, IC SYSTEM, and CBE at all times material, acted as the agent on behalf of VERIZON with respect to their debt collection activities described herein.

## FACTUAL ALLEGATIONS

14. VERIZON consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors.

15. Plaintiff had her telephone service provided through VERIZON.

16. On or about November 2, 2011, Plaintiff contacted VERIZON and instructed VERIZON to disconnect her telephone service and to mail her the final bill concerning the now terminated service she was previously receiving from VERIZON.

17. On or about January 2012, Plaintiff received her final bill from VERIZON for her now disconnected services in the amount of $11.32 which Plaintiff promptly paid.

3

18. On or about February 2012, Plaintiff received a Final Account Summary Statement from VERIZON dated February 1, 2012, which showed receipt of her final payment of $11.38 and that she had a remaining balance of "$.00."

19. On or about June 25, 2012, Plaintiff received a Collection Notice correspondence dated June 22, 2012 from AFNI, collecting on behalf of VERIZON. AFNI'S collection notice was seeking $30.00 in regards to Plaintiff's VERIZON account.

20. After receiving AFNI's June 22, 2012 correspondence, Plaintiff called VERIZON on two occasions attempting to correct the error, both agents Plaintiff spoke to were unwilling to help Plaintiff and would not transfer Plaintiff to a supervisor.

21. Despite having already paid off the account and having proof of a zero balance owed, Plaintiff did not wish to be further bothered by AFNI or VERIZON and as such, mailed AFNI the $30.00 payment requested on or about July 5, 2012.

22. On or about August 14, 2012, Plaintiff received a check in the mail from VERIZON in the amount of $30.00 due to her account having been overpaid. Plaintiff deposited the $30.00 refund into her checking account on August 22, 2012.

23. Plaintiff did not think much of the $30.00 check from VERIZON, assuming that VERIZON had rightly discovered the mistake in sending her paid in full account to a debt collector and was returning the overpayment.

24. On or about September 12, 2012, Plaintiff received a collection letter dated September 6, 2012, from a new debt collector, COLLECTO, collecting on behalf of VERIZON. Said September 6, 2012 correspondence states that Plaintiff owes VERIZON $30.00 in regards to her account.

25. Plaintiff once again contacted VERIZON in an attempt to figure out why VERIZON continually was sending her paid in full account to debt collectors, however the agents Plaintiff spoke to were unable to help give her any explanation.

26. On or about September 14, 2012, Plaintiff received a call from an agent of COLLECTO attempting to collect the $30.00 on behalf of VERIZON, Plaintiff was so frustrated with the situation and that now debt collectors were calling her, she abruptly hung up on COLLECTO'S agent.

27. That same day, on or about September 14, 2012, despite having paid off the account in full, previously paying VERIZON'S erroneous $30.00 request and then having the $30.00 returned to her, Plaintiff wrote and mailed COLLECTO a check for $30.00 so that she would hopefully finally be left alone.

28. On or about October 2012, Plaintiff received a new Account Summary from VERIZON dated October 1, 2012. Plaintiff's new VERIZON account summary showed a revised final bill in that she had overpaid $30.00 on her VERIZON account.

29. On or about October 2012, Plaintiff received in the mail, another $30.00 "Credit Balance Refund" check from VERIZON dated October 12, 2012.

30. On or about November, 2012, Plaintiff received correspondence from a new debt collector, IC SYSTEMS, claiming that they are collecting on behalf of VERIZON and that Plaintiff owes VERIZON $30.00.

31. On or about February, 2013, Plaintiff received correspondence from a new debt collector, CBE, claiming that they are collecting on behalf of VERIZON and that Plaintiff owes VERIZON $30.00.

32. Plaintiff is a 77 year old woman of failing health who suffers from numerous medical ailments including COPD.

33. The undue harassment of VERIZON and it's collectors attempting to continually and repeatedly collect an amount that was not due, and then refund and attempt to recollect again, caused Plaintiff several emotional distress on top of her already frail disposition, resulting in undue stress, anxiety, and difficulty sleeping.

34. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

35. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FDCPA

### 15 U.S.C. § 1692 et seq.

### AS TO DEFENDANT AFNI

36. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

    (a) The Defendant violated 15 U.S.C. § 1692e(2) by falsely and deceptively claiming that Defendant was collecting on a legitimate debt when it was not.

(b) The Defendant violated 15 U.S.C. § 1692f(1) by utilizing unfair and unconscionable means to collect a debt which Defendant has no authority to collect.

As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT II

## VIOLATION OF THE FCCPA

### Florida Statute § 559.72

### AS TO DEFENDANT AFNI

38. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

39. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40. Defendant has violated Florida Statute §559.72(9) by claiming and attempting to enforce a debt when such person knows that the debt is not legitimate.

41. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III

## VIOLATIONS OF THE FDCPA

## 15 U.S.C. § 1692 et seq.

## AS TO DEFENDANT COLLECTO

42. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

   (a) The Defendant violated 15 U.S.C. § 1692e(2) by falsely and deceptively claiming that Defendant was collecting on a legitimate debt when it was not.

   (b) The Defendant violated 15 U.S.C. § 1692f(1) by utilizing unfair and unconscionable means to collect a debt which Defendant has no authority to collect.

As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT IV

## VIOLATION OF THE FCCPA

### Florida Statute § 559.72

### AS TO DEFENDANT COLLECTO

44. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

45. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

46. Defendant has violated Florida Statute §559.72(9) by claiming and attempting to enforce a debt when such person knows that the debt is not legitimate.

47. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V

## VIOLATIONS OF THE FDCPA

## 15 U.S.C. § 1692 et seq.

## AS TO DEFENDANT IC SYSTEMS

48. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

   (a) The Defendant violated 15 U.S.C. § 1692e(2) by falsely and deceptively claiming that Defendant was collecting on a legitimate debt when it was not.

   (b) The Defendant violated 15 U.S.C. § 1692f(1) by utilizing unfair and unconscionable means to collect a debt which Defendant has no authority to collect.

As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT VI

## VIOLATION OF THE FCCPA

### Florida Statute § 559.72

### AS TO DEFENDANT IC SYSTEMS

50. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

51. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

52. Defendant has violated Florida Statute §559.72(9) by claiming and attempting to enforce a debt when such person knows that the debt is not legitimate.

53. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VII

## VIOLATIONS OF THE FDCPA

## 15 U.S.C. § 1692 et seq.

## AS TO DEFENDANT CBE

54. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

    (a) The Defendant violated 15 U.S.C. § 1692e(2) by falsely and deceptively claiming that Defendant was collecting on a legitimate debt when it was not.

    (b) The Defendant violated 15 U.S.C. § 1692f(1) by utilizing unfair and unconscionable means to collect a debt which Defendant has no authority to collect.

As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT VIII

## VIOLATION OF THE FCCPA

### Florida Statute § 559.72

### AS TO DEFENDANT CBE

56. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

57. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

58. Defendant has violated Florida Statute §559.72(9) by claiming and attempting to enforce a debt when such person knows that the debt is not legitimate.

59. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IX

## VIOLATION OF THE FCCPA

### Florida Statute § 559.72

### AS TO DEFENDANT, VERIZON

60. Plaintiff incorporates by reference, the above one (1) through thirty-five (35) paragraphs of this Complaint as though fully stated herein.

61. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

62. Defendant has violated Florida Statute §559.72(9) by claiming and attempting to enforce a debt when such person knows that the debt is not legitimate.

63. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT X

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AS TO DEFENDANT VERIZON

64. Plaintiff re-alleges paragraphs one (1) through thirty-five (35) above and further states:

65. VERIZON'S actions were, reckless, outrageous, intentional, deliberate, malicious, beyond all bounds of decency, odious and utterly intolerable in a civilized society.

66. Such conduct is the type of conduct which would cause the average person to exclaim "outrageous!"

67. As a direct and proximate result of VERIZON'S conduct Plaintiff suffered severe emotional distress and mental anguish.

68. Plaintiff's emotional distress is severe and ongoing.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant GREEN TREE for actual damage, enjoinder from similar conduct, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

_____
Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Florida Bar #: 0052284
Attorney for Plaintiff
JLee@ForThePeople.com